UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 09-cr-00384-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONALD HERTZ,

Defendant.

---

**OPINION AND ORDER DENYING MOTION TO CHANGE VENUE AND FOR ELECTRONIC APPEARANCE AT PLEA HEARING**

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Change Venue for Plea **(# 33)**, and the Government's response **(# 41)**; and the Defendant's Motion to Appear Electronically at Plea Hearing **(# 34)**, and the Government's response **(# 41)**.

The Defendant is charged in 2-Count Indictment **(# 1)** of August 25, 2009, for having made telephone treats to a reproductive health services facility in Boulder, Colorado. On November 6, 2009, the Defendant filed a Notice of Disposition **(# 30)**, and the Court set this matter for a Change of Plea Hearing, now scheduled to occur on February 16, 2010 **(# 37)**.

The Defendant moves **(# 33)** to have the venue of the Change of Plea Hearing transferred to the United States District Court for the Eastern District of Washington, pursuant to Fed. R. Crim. P. 20. The Defendant explains that he resides in the Eastern District of Washington, that he is 71 years old, is undergoing cardiac rehabilitation incident to a recent medical procedure, that he is receiving chiropractic treatment for neck and back injuries, and that he takes a large

number of medications that cause fatigue and dizziness. He states that the travel difficulties presented by these conditions, along with the expense of travel costs for himself and his counsel, warrant transferring this matter to the Eastern District of Washington. In the alternative to transfer, the Defendant moves **(# 34)** for leave to appear at the Change of Plea Hearing remotely, via videoconferencing or other electronic means, thus allowing him to remain in Washington. The Government opposes **(# 41)** both requests.

Fed. R. Crim. P. 20(a) permits the Court to transfer this case to another federal district for purposes of entry of a plea of guilty and ensuing sentencing. However, transfer under Rule 20(a) is permissible only if the Defendant and the U.S. Attorneys for both districts unanimously consent. Fed. R. Crim. P. 20(a)(1), (2). Here, the U.S. Attorney for the District of Colorado does not consent to a transfer, and thus, relief under Rule 20 is unavailable to the Defendant.

In the alternative, the Defendant requests that this Court make a discretionary transfer of the case for convenience pursuant to Fed. R. Crim. P. 21(b).[1] That Rule allows the Court to transfer a proceeding "for the convenience of the parties and witnesses and in the interests of justice." In *Platt v. Minnesota Mining and Mfg. Co*, 376 U.S. 240, 244 (1964), the Supreme Court acknowledged (without necessarily adopting) a trial court's consideration of a number of factors when adjudicating a request for transfer under Rule 21(b). Among those factors are the location of probable witnesses, the location of events likely to be at issue, expense to the parties, and the relative accessibility of the place of trial, among others. *Id.*; *U.S. v. Williams*, 897 F.2d 1034, 1036-37 (10th Cir. 1990); *U.S. v. Calabrese*, 645 F.2d 1379, 1384 (10th Cir. 1981)

---

[1]For purposes of this motion, the Court assumes – without necessarily finding – that Rule 21(a)'s title, "Transfer for trial," does not prevent the Court from considering the availability of a transfer for convenience where a defendant intends to enter a plea and proceed to sentencing, rather than take the case to trial.

(discussing various factors). In addition, the statutory rights conferred on victims by 18 U.S.C. §3771 must be considered. *U.S. v. Fortier*, 178 F.R.D. 578, 579 (D. Ok. 1998) (discussing predecessor statute to 18 U.S.C. § 3771). The location where the offense was committed is presumptively the correct venue for trial and other proceedings, and thus, the burden is on the party seeking transfer to show that the proposed District is more suitable. *See e.g. Williams*, 897 F.2d at 1037

Considering the *Platt* factors and the parties' submissions, the Court finds that the Defendant has failed to carry his burden of showing that a transfer of this case is appropriate. In this respect, the Court notes that the Defendant has entered a Notice of Disposition, and thus, the only matters remaining in this case are the entry of a plea of guilty and the sentencing of the Defendant. Thus, many of the *Platt* factors – those concerning the location of witnesses and evidence, are diminished in importance. Accordingly, the Court focuses its attention on those factors implicated by the plea and sentencing issues that remain in this case.

The Court turns first to the convenience of this forum to the Defendant. The Defendant recites the medical history described above, and offers his own belief that "I may be better able to travel after I complete some [cardio] rehab but right now I don't believe I could handle the trip without substantially worsening my condition." Curiously, although the ongoing cardiac rehabilitation is the focus of the Defendant's concern, he has not tendered an opinion letter from his cardiac physician with regard to this issue. Rather, he supplies a letter from his chiropractor who, although professing to "follow my patient's overall wellness and treatment from other providers," claims no particular insight into the Defendant's cardiac condition or prognosis. The Defendant's chiropractor, noting the Defendant's "pain issues and generally weak condition," "would recommend" that the Defendant not travel by air or participate in "stressful events after

travel." The Defendant's chiropractor states a belief that such travel "should be postponed until after he has completed [cardiac] rehabilitation," and that, at a minimum, the Defendant "should not travel during the crowded holiday travel season when airport lines and delays are much longer and travel is much more physically demanding." The Defendant later supplemented his motion with a letter from a Nurse Practitioner, who, after reciting her understanding of the Defendant's diagnoses and current medications," cursorily opines that "it would be unsafe for [the Defendant] to travel with unanticipated airline delays and walking long terminals," and that he "would have to have a restroom available, wheelchair access and a travel companion, as well as a place to rest in case of delays."

These facts, taken in concert, fail to demonstrate a significant impediment to the Defendant traveling to Colorado for a Change of Plea Hearing in February, and a sentencing hearing at an unspecified time. Both the Defendant's opinion and the tendered opinions of his medical providers are largely speculative. Neither practitioner professes to have an informed opinion about the Defendant's cardiac condition, the nature of the rehabilitation program he is undergoing, or the prognosis for the Defendant traveling during and after that program. The remainder of the opinions proffered by the Defendant's providers appears to be incomplete and premised on outdated facts. Although a Change of Plea Hearing was initially scheduled for December 22, the continuance of that hearing until February vitiates many of the concerns expressed by both the Defendant and his chiropractor about the particular hazards of traveling during the holiday season. The Defendant and his providers base many of their conclusions on the Defendant's inability to endure travel delays and lines, but give no indication that they have considered the availability and suitability of ameliorative accommodations. Indeed, the Defendant's nurse's letter appears to suggest that, so long as the Defendant is provided a

wheelchair, restroom, travel companion, and a place to rest, travel to Colorado will not pose any significant risks. The record does not reflect whether these sorts of accommodations are possible, and in the absence of such evidence, the Court assumes that such measures are available to the Defendant. Ultimately, the Court finds that the Defendant's submissions relating to the effect of his medical condition on his ability to travel address the issues so superficially that the Court is unable to conclude that the Defendant has demonstrated that traveling to Colorado would pose a significant risk to his health.[2]

Without sufficient evidence of a medical risk to the Defendant from traveling, the Court is left with the Defendant's contention that the expense of travel costs for himself and his counsel is overly burdensome. The Court finds this argument unavailing. Should the Defendant profess indigence, he is free to seek appointment of counsel at no cost to him under the Criminal Justice Act, which would relieve him of the burden of providing for his counsel's travel. Moreover, if the Defendant is unable to provide for his own travel expenses, the Court can direct the U.S. Marshal to take him into custody and transport him to Colorado for the scheduled hearing.

Moreover, even if the Court were to find some evidence of inconvenience to the Defendant from proceedings taking place in Colorado, it would nevertheless find that such inconvenience would be significantly outweighed by the inconvenience to victims that would result if a transfer were granted. Pursuant to 18 U.S.C. § 3771(a)(3) and (4), victims of the

---

[2]The Court also notes that the Defendant has not addressed the suitability of other forms of travel. For example, the Court notes that the Defendant's providers have not opined as to his ability to travel to Colorado by car – a trip estimated by common mapping websites to take approximately 15 hours each way – or addressed the possibility of the United States Marshal taking the Defendant into custody and arranging for his medically-supervised transportation to and from Colorado.

Defendant's actions have a general right to be present at court proceedings in this case, and have a concomitant right to be reasonably heard at both the change of plea and sentencing stages. 18 U.S.C. § 3771(b)(1) instructs that this Court should "make every effort to permit the fullest attendance possible by the victim." The victims of the Defendant's acts are located in Boulder, Colorado, and thus, a transfer of this case to Washington for further proceedings would result in the same sort of financial and temporal inconveniences to the victims attending further proceedings in this case as the Defendant invokes in favor of transfer. The Defendant's motion offers no explanation why, as between himself and the victims of his actions, the victims should be required to bear the burdens of travel expense and inconvenience in order to attend court proceedings in this case. Under these circumstances, the Court finds that, even if the Defendant had made an adequate showing of inconvenience to him if a transfer is not granted, the Defendant has not shown that such inconvenience outweighs the inconvenience to the victims that would result if a transfer were granted. Accordingly, the Court finds that transfer of this case to the Eastern District of Washington pursuant to Fed. R. Civ. P. 21(a) is unwarranted.

Turning to the Defendant's alternative request to waive his physical presence at the Change of Plea Hearing and instead appear electronically, via videoconferencing or other means, the Court endorses the Defendant's attempt to utilize available technologies to minimize the cost and burden of legal proceedings but, ultimately, the Court agrees with the Government that, at present, federal criminal procedure does not appear to permit a defendant to appear remotely for a change of plea or sentencing hearing. Fed. R. Crim. P. 43(a) requires the Defendant's physical presence at hearings such as these. *See e.g. U.S. v. Torres-Palma*, 290 F.3d 1244, 1247 (10th Cir. 2002). That rule expressly invokes Fed. R. Crim. P. 5 and 10, both of which permit remote appearance via videoconferencing for initial appearances, Fed. R. Crim. P. 5(f), and

arraignments, Fed. R. Crim. P. 10(c), but the negative implication to be drawn from the fact that neither Rule 43(a) nor any other Rule of Criminal Procedure permits change of plea hearings or sentencings to be conducted via videoconferencing suggests that the requirement of the Defendant's presence at such hearings is not susceptible to electronic alternatives. *See Torres-Palma*, 290 F.3d at 1248 (finding, under Rule 43(a), "video conferencing for sentencing is not within the scope of a district court's discretion"). Although the Court might be practically inclined to grant the relief requested by the Defendant,[3] its reading of the law indicates that it has no discretion to do so.

For the foregoing reasons, the Defendant's Motion to Change Venue for Plea **(# 33)** is **DENIED** and the Defendant's Motion to Appear Electronically at Plea Hearing **(# 34)** is **DENIED**.

Dated this 4th day of February, 2010

**BY THE COURT:**

Marcia S. Krieger

Marcia S. Krieger
United States District Judge

[3]Notwithstanding the benefits and efficiencies created by remote appearance, the Court harbors some concern that such remote appearance could arguably dilute the right of victims to be present at proceedings involving the Defendant under 18 U.S.C. § 3771(a)(3).